## MOSELY v. WILKINSON.

1. A physician cannot be permitted to express an opinion, that other physicians would probably have treated a case, the symptoms of which are described to him, in a particular way, when at the same time he considers that such treatment would be improper.

Error to the County Court of Montgomery.

TRESPASS on the case, by the plaintiff, against the defendant in error, for carelessness, and negligence, in the treatment of a negro girl, hired by the former, to the latter. Upon the trial of the cause, as shown by a bill of exceptions, it appeared in evidence, that the negro girl was sick, and died in a few days. That one Moore, overseer of one Hughes, (to whom the defendant had hired the slave,) bled her, applied mustard plasters, &c. Moore, and a Mrs. Sims were examined as witnesses, and described the symptoms, and condition of the slave.

The plaintiff then called Dr. Ames, a practising physician, who stated that it was difficult to say, from the description given by Moore, of the symptoms, what the disease was. That all he could say, from Moore's description, was, that

the disease was probably congestive fever, or partaking of that character, and that if such was the fact, the bleeding was mischievous.

That Mrs. Sims's description, was much more full and accurate than that of Moore, and from that he would suppose, the disease was intermittent fever, and then the practice pursued by Moore was correct.

The witness was then asked by the defendant, if there were not many respectable physicians in the neighborhood of Montgomery, who would probably have treated the girl in the same manner Moore did, if the disease was congestive fever. The answer to this question was objected to by the plaintiff, but the court overruled the objection, and the witness answered in the affirmative, and he excepted. This is now assigned as error.

J. ELMORE, for plaintiff in error.

J. W. PRYOR, contra.

DARGAN, J.—The general rule is, that witnesses must testify to facts, and are not permitted to give their opinions as evidence. One of the exceptions, however, to this rule, is, that medical men may be permitted to testify, or express their opinion, as to the character, or cause of disease, or the consequences that have, or probably will result, from wounds, and also as to the sanity of the mind, as collected from all the circumstances. 1 Greenl. Ev. § 440.

But witnesses, whether medical men or not, are not permitted to give their opinions, or conclusions, unless such opinion, or conclusion, is an inference of skill, or the scientific result of given facts. 5 Porter, 339.

Dr. Ames could therefore have expressed his opinion, as to the character of the disease of which the slave died. He could also state, what in his opinion, would have been the proper treatment of the disease, &c. But he could not be permitted to testify, how other physicians would have treated the disease, or how they might have treated it, owing to the

doubtful nature of the disease, when at the same time he would have condemned such treatment. Whether they would, or would not, is matter purely of opinion, and not the result of scientific skill, from given facts. The court therefore erred, in permitting this portion of Dr. Ames's testimony.

The greatest difficulty I have had in this case is, to ascertain what possible influence this testimony could have had on the mind of the jury, under the circumstances, as presented by the record. But inasmuch as we cannot see beyond doubt, but it may have done injury to the plaintiff; and as it was illegal, the judgment must be reversed, and the cause remanded.